UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE ANDERSON,

          Petitioner,

                                 CASE NO. 2:21-CV-12220

v.                               HONORABLE VICTORIA A. ROBERTS

STATE OF MICHIGAN,
THIRD CIRCUIT COURT,

          Respondent.

_____/

## OPINION AND ORDER SUMMARILY DISMISSING HABEAS PETITION WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY

On September 21, 2021, Petitioner Tyrone Anderson, a pre-trial detainee held in the Wayne County Jail,  filed a petition for habeas corpus through counsel pursuant to 28 U.S.C. § 2254.  Petitioner has been charged in the Wayne County Circuit Court with two counts each of assault with intent to murder, Mich. Comp. Laws § 750.83; assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84; and possession of a weapon during commission of a felony, Mich. Comp. Laws § 750.227b(A); as well as a single count of carrying a concealed weapon, Mich. Comp. Laws § 750.227.  Petitioner argues that his Sixth Amendment right to counsel and his due process rights pursuant to the Fourteenth Amendment were violated when the trial court remanded his case to a "one-man" grand jury, a procedure which is not authorized by the Michigan statute which governs the grand jury process.  *See* Mich. Comp. Laws § 767.3.

Petitioner filed an amended habeas petition on December 7, 2021.  (ECF No. 2.) The amended petition is identical to the original petition, except for a change in Petitioner's status.  The amended petition indicates that Petitioner is no longer in custody but is still awaiting trial in the Wayne County Circuit Court.

Regardless of his custody status, Petitioner has not established the special circumstances necessary to permit this Court to grant habeas corpus relief before trial and the case will be dismissed.  An explanation follows.

## I.   Background

### A.  State grand jury and related proceedings

Petitioner Anderson and a co-defendant were indicted by a "one-man" grand jury which heard testimony about a non-fatal shooting in Detroit.  (Pet., ECF No. 1, PageID.11.)  The grand jury heard witness testimony over several days in March and April 2019.  (*Id*. at PageID.11-14.)  Petitioner was linked to the shooting by the presence of his identification in a wallet dropped at the scene, a video recording of the incident by a doorbell camera, and a pair of jogging pants recovered from Petitioner's father's home that appeared to be the same as those worn by the shooter in the video.  (*Id*. at PageID.14.)  Following the grand jury proceedings, the prosecution requested and received an indictment against Petitioner and his co-defendant.

In April 2020, Petitioner filed a motion to dismiss the charges based on a lack of evidence and an incorrect photo identification.  (*Id*.) Following a motion hearing, the trial court remanded the case to the grand jury to correct an error in the probable cause finding.  (*Id*.) The grand jury reconvened and issued an order on June 30, 2020, which reported that

2

[a] review of the record shows that the Grand Jury did mis-state the evidence about Anderson . . . The statement that Anderson was picked from a photo array is an error.  It was the co-defendant, Lattner, that was identified from a photo array, not Anderson.  There was ample other evidence that supported and justified the indictment.

(Pet., ECF No. 1-1, PageID.39.)  The order struck the statement about Anderson's identification from a photo array from its summary of the evidence, but concluded that "[i]n all other respects, the summary of the evidence and the charges derived therefrom remain in full force and effect."  (*Id.*)

Petitioner filed a second motion to dismiss on August 3, 2020, arguing the grand jury should not have reconvened on June 30 without notice to defense counsel or counsel's ability to be present, and that Petitioner's Sixth Amendment right to counsel had been violated.  (ECF No. 1, PageID.15.)  The trial court disagreed, finding no need for counsel to be present for the review.  (*Id.* at PageID.15-16; *see also* ECF No. 1-1, PageID.37.)

Petitioner filed an interlocutory application for leave to appeal in the Michigan Court of Appeals, arguing that his Sixth Amendment right to counsel had been violated. Both the court of appeals and the Michigan Supreme Court denied leave to appeal. *People v. Anderson*, No. 354885, unpublished order (Mich. Ct. App., Oct. 23, 2020); *People v. Anderson*, 959 N.W.2d 518, 519 (Mich. 2021).

**B.  Habeas petitions**

On September 21, 2021, Anderson filed a timely petition for habeas corpus relief through counsel.  In it, he argued that the remand to the state grand jury violated his Sixth Amendment right to counsel and that the trial court's disregard of state law was a due process violation.  At the time of filing, Petitioner was described as "a pre-trial

detainee in the Wayne County Jail . . . currently awaiting trial in the Third Circuit Court. . ." (ECF No. 1, PageID.5).

On December 7, 2021, Petitioner filed an amended petition which is identical in all respects to the original petition except for references to Petitioner's custody status. That is, Petitioner is no longer "a pre-trial detainee" (ECF No. 1, PageID.5), but is now "a pre-trial defendant . . . currently awaiting trial[.]" (ECF No. 2, PageID.50.) In addition, where the original petition asserted venue is proper in the Federal District Court, Eastern District of Michigan "because it is the court for the district within which Mr. Anderson is currently being detained" (ECF No. 1, PageID.6), the amended petition states venue is proper in this district despite "Mr. Anderson . . . *not* currently being detained" here. (ECF No. 2, PageID.51) (emphasis added).

## II. Legal Standard

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999). If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Rule 4; *see also Allen v. Perini*, 424 F. 2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). Rule 4 dismissals include those "which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false." *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005) (citing *Carson*, 178 F.3d at 436-

37).  No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition without consideration of a response from the State.  *Allen*, 424 F.2d at 141.

The statute applicable to a pretrial detainee who applies for habeas corpus relief is 28 U.S.C. § 2241.  *Winburn v. Nagy*, 956 F.3d 909, 911 (6th Cir. 2020) (citing *Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019)).  The standards of section 2241 are "significantly less demanding" and less deferential than those of section 2254, under the Antiterrorism and Effective Death Penalty Act ("AEDPA").  *Phillips v. Hamilton Cty. Ct. of Common Pleas*, 668 F.3d 804, 810 (6th Cir. 2012).  However, the Rules Governing Section 2254 Cases, including the screening requirement of Rule 4, apply to petitions brought under § 2241.  *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

### III. Discussion

#### A.  Jurisdiction

Habeas petitions may be amended without seeking leave of the court if the amended pleading is filed before a response to the petition is served.  *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (citing Fed. Rule Civ. Proc. 15(a).  However, Petitioner's amended petition indicates he is no longer in custody.  The Court must therefore address whether it still has jurisdiction to entertain the case.

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'"  *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (citing 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a)) (emphasis in

5

original).  The "in custody" requirement of sections 2241 and 2254 is satisfied if the petitioner has that status at the time of filing the habeas petition. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  A pretrial detainee at the time of filing is considered "in custody" for the purposes of section 2241.  *Atkins v. People of State of Mich*., 644 F.2d 543, 546 n.1 (6th Cir. 1981).  And the Sixth Circuit has held that "[o]ne who has been released on bail while awaiting trial is in 'custody' for the purposes of § 2241." *Turner v. State of Tenn*., 858 F.2d 1201, 1204 (6th Cir. 1988), *judgment vacated on other grounds*, 492 U.S. 902 (1989).

When a petitioner is released after the petition is filed, however, the habeas court must still determine whether the "release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." *Spencer*, 523 U.S. at 7.  For the Court to maintain jurisdiction, Petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  *Id*. (quoting *Lewis v. Continental Bank Corp*., 494 U.S. 472, 477 (1990)).

Petitioner is challenging state criminal charges against him that he asserts were obtained in violation of his constitutional rights.  The amended petition indicates Petitioner is no longer in custody, but asserts that he is still "currently awaiting trial in the Third Circuit Court for the County of Wayne."  (ECF No. 2, PageID.50.)  As a result, Petitioner is still "threatened with" a prosecution he argues merits federal habeas intervention.

Because a case or controversy still exists which may "be redressed by a favorable judicial decision[,]" *Spencer*, *supra*, the Court finds that it has jurisdiction to

entertain the habeas petition despite Petitioner's release from custody.  However, as explained below, Petitioner is not entitled to habeas relief.

### B.  State law violations are not cognizable in habeas

Petitioner argues in support of habeas relief that the trial court's remand of his case to the grand jury violated state law.  But "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *see also Kissane v. Jones*, 89 F. App'x 577, 578 (6th Cir. 2004) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)) ("[T]o the extent the petition claims" a state law violation, "it fails to state a basis for federal habeas corpus relief.").  The interpretation of Michigan's grand jury statutes and whether those statutes were violated in Petitioner's case are non-cognizable as habeas issues.

### C.  No "special circumstances" justify habeas relief and abstention is appropriate

Petitioner also argues that the violations of his Sixth Amendment right to counsel and his due process rights present "special circumstances" which permit habeas relief pursuant to 28 U.S.C. § 2254.  Under 28 U.S.C. § 2241(c)(3), federal courts may grant habeas relief on claims by a state pretrial detainee if he is in custody in violation of the Constitution or laws or treaties of the United States.  *Phillips*, 668 F.3d at 809. However, the Supreme Court has cautioned that "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."  *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489, 490 (1973) (citing *Ex parte Royall*, 117 U.S. 241, 253 (1886)).

Thus, although 28 U.S.C. § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner. *See Atkins*, 644 F.2d at 547. Principles of comity and federalism require abstention unless the petitioner demonstrates that: (1) he has exhausted available state court remedies, and (2) "special circumstances" warrant federal intervention. *Martin-Trigona v. Shiff*, 702 F.2d 380, 388 (2d Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980). Petitioner asserts that he has exhausted his available state court remedies through his interlocutory appeal regarding the state trial court's impermissible remand to the grand jury and that he meets the "special circumstances" requirement.

The Sixth Circuit has recognized very few "special circumstances" which permit consideration of a pretrial habeas petition, none of which apply to Petitioner's case. These include a petitioner's request for a speedy trial, *Braden*, 410 U.S. at 489-91; *see also Capps v. Sullivan*, 13 F.3d 350, 354 (10th Cir. 1993); *Atkins*, 644 F.2d at 546; when a petitioner seeks to avoid a second trial on double jeopardy grounds, *Phillips*, 668 F.3d at 811; *Delk v. Atkinson*, 665 F.3d 90, 94 (6th Cir. 1981); and when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner*, 858 F.2d at 1204 (6th Cir. 1988). Another possible exception to the bar on pretrial habeas relief occurs in "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction . . ." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971) (citations omitted). Petitioner is not arguing any of these grounds for relief.

8

Typically, the "special circumstances" recognized to date reflect cases in which proceeding to trial would not vindicate a pretrial habeas petitioner's rights and another remedy was necessary. *See*, *e.g.*, *Phillips*, 668 F.3d at 811 ("to 'enjoy the full protection of the Clause, [a defendant's] double jeopardy challenge . . . must be reviewable before [the] subsequent exposure occurs.'") (quoting *Abney v. United States*, 431 U.S. 651, 662 (1977)); *Turner*, 858 F.2d at 1207 (citing *United States v. Morrison*, 449 U.S. 361, 374 (1981)) ("[A] new trial cannot remedy the specific deprivation suffered.")

But Petitioner's circumstances do not require an alternative remedy.  Petitioner challenges the process that resulted in criminal charges against him.  He is free to raise all permissible defenses to those charges in the state criminal proceedings, including his complaints related to the one-man grand jury process.  Because he may vindicate his rights in the state courts, no pretrial habeas remedy is necessary.

In support of his position, Petitioner misreads *Braden*, asserting the case held that "special circumstances" are present whenever a habeas petitioner "seek[s] 'to litigate a federal defense to a criminal charge.'" (ECF No. 2, PageID.71, 75-76, 79.)  In fact, the *Braden* Court held the opposite: It "emphasize[d] that nothing [it had] said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court."  410 U.S. at 493.  Thus *Braden* makes clear that "constitutional defenses" should first be litigated in the state courts, and that a pretrial petition for habeas relief on those grounds would be "premature[]." *Id*.

*Younger v. Harri*s, 401 U.S. 37 (1971), supports the Court's abstention.   Under *Younger*, "[w]hen there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution," *Sprint Commc'ns, Inc. v. Jacobs*, 571

U.S. 69, 72 (2013).  Because "'a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights,' federal courts may intervene only in 'extraordinary circumstances,' such as when the prosecution is done in bad faith or to harass or when the state criminal law is flagrantly unconstitutional[.]" *Patton v. Bonner*, No. 20-5531, 2021 WL 2026933, at *2 (6th Cir. Apr. 7, 2021) (citing *Kugler v. Helfant*, 421 U.S. 117, 124 (1975); *Younger*, 401 U.S. at 53-54.  Abstention may be raised *sua sponte* by the court.  *O'Neill v. Coughlan*, 511 F.3d 638, 642 (6th Cir. 2008).

For *Younger* abstention to apply, "'(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Hill v. Snyder*, 878 F.3d 193, 206 (6th Cir. 2017) (quoting *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006)).  All three requirements are met here.

First, Petitioner acknowledges ongoing criminal proceedings against him in state court.  *See Nimer v. Litchfield Twp. Bd. of Trustees*, 707 F.3d 699, 701 (6th Cir. 2013).  Second, state criminal proceedings involve important state interests.  *Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000); *see also Younger*, 401 U.S. at 50.  Third, Petitioner's state criminal proceedings provide an adequate opportunity to raise constitutional challenges, and he has alleged no facts which indicate that he is or will be unable to raise such constitutional claims in the state courts.  *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987) (courts "must presume that the state courts are able to protect the interests of the federal plaintiff").

Petitioner has failed to establish the "special circumstances" required for the grant of habeas relief to a pre-trial detainee.  Further, because state criminal proceedings are pending against Petitioner, the Court has determined it must abstain under *Younger v. Harris*. Petitioner is not entitled to habeas relief at this time.

### IV.  Certificate of Appealability

Under Federal Rule of Appellate Procedure 22, before Petitioner may appeal the Court's decision, a certificate of appealability ("COA") must issue.  *See* 28 U.S.C. § 2253.  The requirement to obtain a COA applies to prisoners seeking pretrial relief as well as state prisoners who are in custody following a conviction in state court. *Winburn*, 956 F.3d at 912.

A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  When a habeas corpus petition is denied on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because the Court concludes that reasonable jurists would not debate its determination that Petitioner is not entitled to relief, a certificate of appealability will be denied.

11

## V. Conclusion

For the reasons stated above, the Court finds that Petitioner is not entitled to habeas relief at this time.  Accordingly, the petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

A certificate of appealability is DENIED.

Finally, if Petitioner chooses to appeal the Court's decision, he may not proceed *in forma pauperis* on appeal because an appeal could not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).

SO ORDERED.

s/ Victoria A. Roberts
VICTORIA A. ROBERTS
Date: 1/7/2022                          UNITED STATES DISTRICT JUDGE